**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KHS, a minor child, by HEATHER** | § | |
| **A. STIER, Mother of KHS, and** | § | |
| **HEATHER A. STIER,** | § | |
| | § | |
| **V.** | § | **A-13-CV-412-LY** |
| | § | |
| **RICK PERRY, et al.,** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

Before the Court is Heather A. Stier's ("Stier") Application to Proceed *In Forma Pauperis*
(Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for
a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of
the United States District Court for the Western District of Texas, Local Rules for the Assignment
of Duties to United States Magistrate Judges.

**I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Stier's Financial Affidavit in support of her *in forma pauperis* motion, the
Court finds that she is indigent. Accordingly, the Court HEREBY GRANTS Stier *in forma pauperis*
status and ORDERS her Complaint be filed without pre-payment of fees or costs or giving security
therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later
determination the action should be dismissed if the allegation of poverty is untrue or the action is
found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Stier is further advised that although
she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs
of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621
(5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Stier's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Stier has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). However, the

petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.    Factual Allegations

This case appears to arise primarily from a domestic dispute involving the custody of KHS, the minor child of Stier and Gary R. Stier, her ex-husband.  Stier and her ex-husband divorced in 2008 and a final divorce decree was signed by Judge Brenda Smith in Hays County, Texas, on May 7, 2008.  Dkt. No. 1, Attachment 6 at 6–7.  Stier and her ex-husband returned to Hays County District Court on May 1, 2013, for a hearing on a temporary restraining order injunction.  *Id.* Following the hearing, Stier contends that a writ of attachment was subsequently issued, removing her 8-year-old daughter from her custody.  *Id.*  Stier then proceeded to file the instant lawsuit, naming seventy-five individuals or associations as defendants.[1]  *See* Dkt. No. 1, Attachment 6.

---

[1] Stier names a plethora of individuals and associations in her lawsuit.  The Court has combined the named defendants into the following groups.

Group 1:    Texas government officials – (1) Rick Perry, Governor of Texas and (2) Gregg Abbott, Attorney General of Texas.

Group 2:    Justices of the Texas Supreme Court – (1) Chief Justice Wallace B. Jefferson; (2) Justice Nathan L. Hecht; (3) Justice Paul W. Green; (4) Justice Phil Johnson; (5) Justice Don R. Willett; (6) Justice Eva Guzman; (7) Justice Debra Lehrmann; (8) Justice Jeffrey S. Boyd; and (9) Justice John Phillip Devine.

Group 3:    Justices of the Texas 3rd Court of Appeals – (1) Chief Justice J. Woodfin Jones; (2) Justice Scott K. Field; (3) Justice Melissa Goodwin; (4) Justice Robert H. Pemberton; (5) Justice David Puryear; and (6) Justice Jeff L. Rose.

Group 4:    State district court judges – (1) Gary Steel, District Judge of the 274th Judicial District; (2) R. Bruce Boyer, District Judge of the 22nd Judicial District; (3) Jack Robison, District Judge of the 207th Judicial District; (4) Bill Henry, District Judge of the 428th Judicial District; (5) Brenda Smith, Associate Judge serving Hays

**B.      Claims**

Broadly construed, Stier brings her federal claims under 42 U.S.C. § 1983, alleging that

defendants' actions violated her due process rights, her "secured right to society and companionship

County; (6) Scott H. Jenkins, Judge of the 53rd Civil District Court; (7) Rhonda Hurley, Judge of the 98th Civil District Court; and (8) Timothy Sulak, Judge of the 353rd Civil District Court.

Group 5:        Government and law enforcement personnel – (1) Constable Ron Hood of Hays County; (2) Constable Carlos Lopez of Travis County; (3) Art Acevedo, Austin Police Chief; (4) Steve Shedd, Austin Police Department; (5) Sheriff Gary Cutler, Hays County Sheriff's Department; (6) Officer Domke, Texas Department of Public Safety, Sex Offenders Registry; (7) Lisa Pacheco, Deputy Director, Hays County Government Center; (8) A. Cynthia Leon, Chair, Public Safety Commission; (9) Carin Marcy Barth, Member, Public Safety Commission; (10) Ada Brown, Member, Public Safety Commission; (11) Allan B. Polunsky, Member, Public Safety Commission; (12) Randy Watson, Member, Public Safety Commission; (13) Shirley Arnold-Moore, Family Based Safety Services Specialist II; (14) Gwen Lopez, Child Protective Services Facilitator; (15) Sharla Lawless, Child Protective Services Supervisor; (16) LaShawn Payton, Child Protective Services Investigator; (17) Melissa Walker, Child Protective Services Specialist III; (18) Yesenia Rodriguez, Child Protective Services Facilitator; (19) Cassidy Dossett, Family Group Decision Making Facilitator, Child Protective Services Facilitator; (20) Angela Diaz, Family Based Safety Services Supervisor; (21) Sara Lane, Child Protective Services; (22) Rebecca Stone, Child Protective Services; (23) Glenn Williams, Senior Regional Attorney, Texas Department of Family and Protective Services; (24) Deborah Taber, Protective Parenting Class; and (25) Dr. Cathryn Mitchell, Oak Hill Elementary School.

Group 6:        Public Associations – (1) Office of the Police Monitor and (2) Texas Department of Family and Protective Services.

Group 7:         Private Associations – (1) Roxanne's House (Children's Advocacy Centers of Texas, Inc.) and (2) Center for Child Protection.

Group 8:        Private Individuals – (1) Carrie Campbell; (2) John Hindera; (3) Bonnie N. Hudman; (4) Catherine Benouis; (5) Brittany Gold; (6) Karen R. Burke; (7) Liz Shultz; (8) Camey Shedd; (9) Tania Glenn; (10) Angela Hardin; (11) Curtis Laurence; (12) Celina McAlister; (13) Roxanne McMillan; (14) Gary R. Stier; (15) Joshua Stier; (16) Hannah Stier; (17) Toni Stinedurf-Sawyer; (18) Kevin Tarr; (19) Kevin Tarr's Wife; (20) Jason McKenzie; and (21) Les Ogelsby.

4

with [her] daughter," and for "failure to insure domestic tranquility, denial of honest services, failure to perform essential governmental duties, and secure the blessings of liberty to ourselves." *Id.* at 4–5. Stier also brings § 1983 claims on behalf of KHS, alleging that defendants' actions violated KHS's "right not to be deprived of liberty without due process of law, which includes the right to bodily integrity." *Id.* Her primary contention is that the final divorce decree is void and thus, all subsequent actions, including the May 1, 2013, hearing, are also void. *Id.* at 7. According to Stier, the final divorce decree is void because she rescinded her signature from the document and because the decree violates the Texas Family Code. *Id.* Additionally, Stier asserts that the motion for writ of attachment, filed by her ex-husband's attorney, is also void because she was not provided sufficient notice of the motion under Rule 21 of the Texas Rules of Civil Procedure. *Id.* Finally, Stier contends that defendants have engaged in a conspiracy to violate her due process rights because the defendants have communicated with each other about Stier's attempts to stop the alleged violations. *Id.* Stier requests the following relief from this Court: (1) declare her final divorce decree and all subsequent actions void; (2) grant her monetary relief in the amount of $50,000 from each defendant for each violation for each day the violations occurred and continue to occur; (3) issue a writ of attachment for the return of her daughter; and (4) issue a temporary restraining order against her ex-husband, Gary R. Stier. *Id.* at 7–8.

**C.     Review of State Court Decisions**

To the extent Stier seeks a reversal of Judge Smith's rulings, this Court is prohibited from reviewing the state court decision under the *Rooker-Feldman* doctrine. As the Supreme Court has explained, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District

Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994).  The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . ."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

    This is precisely the situation in the instant case.  Although Stier claims violations of her and KHS's constitutional rights, her amended complaint strongly suggests that her arguments regarding child custody were already considered and rejected by Judge Smith in state court.  For example, Stier admits that Judge Smith ruled against her during the May 1, 2013, hearing.  Dkt. No. 1, Attachment 6 at 6.  Additionally, Stier's main federal claim is that Judge Smith's decision to grant her ex-husband's motion for writ of attachment violated Stier's due process rights and her "secured right to society and companionship with [her] daughter."  *Id.* at 4.  The relief requested by Stier further supports the Court's conclusion.  Stier has asked this Court to (1) declare her final divorce decree and all subsequent actions void, (2) issue a writ of attachment, and (3) issue a temporary restraining order.  By doing so, Stier is essentially asking this Court to review and reverse Judge Smith's decisions.  Under the *Rooker-Feldman* doctrine, this Court may not conduct such a review and cannot grant Stier the relief she seeks.

    Moreover, it has long been recognized that "the federal courts are an inappropriate forum for the negotiation and resolution of domestic disputes."  *Cook v. Winters*, 645 F.Supp. 158, 159 (S.D. Tex. 1986) (citing *Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858)); *see also Goins v. Goins*, 777 F.2d 1059, 1061 (5th Cir. 1985) ("Federal courts traditionally decline to hear cases involving the subject matter of domestic relations . . . .").  Additionally, the Supreme Court has concluded that

the "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). While Stier purports to allege civil and constitutional rights violations in the instant suit, a review of her amended complaint demonstrates that this case arises from a domestic dispute and child custody battle between Stier and her ex-husband. Dkt. No. 1, Attachment 6. In short, the heart of this case is that Stier is unsatisfied with the decision made by Judge Smith and the courts of Texas regarding the custody arrangement of her daughter and seeks review of that decision in federal court. This case falls squarely within the domestic relations exception.

**D.      Stier's § 1983 Claims**

In addition to seeking review of Judge Smith's decisions, Stier also brings civil rights claims under 42 U.S.C. § 1983 for which she seeks monetary relief from this Court. She states that she was deprived of her "right to society and companionship with [her] daughter" and also brings claims for "failure to insure domestic tranquility, denial of honest services, failure to perform essential governmental duties, and secure the blessings of liberty to ourselves." Dkt. No. 1, Attachment 6 at 4. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also America Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The Fifth Circuit has found familial expectations based on a biological relationship between the parent and child to be "deserving of constitutional protection." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 923–24 (5th Cir. 2000) (internal citations omitted). A biological relationship, however, does not conclusively establish a liberty interest in familial expectations. *Id.* at 923. In *Wooley*, the court concluded that

the relationship between a child and mother in that case merited constitutional protection because the mother maintained a close relationship with her child and was involved in the child's life. *Id.* Even if a parent is able to establish a liberty interest in personal contact with a child, "[t]he right to family integrity must [still] be balanced against the state's interest in protecting the health, safety, and welfare of children." *Id.* at 924; *see also Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944).

Construing Stier's amended complaint liberally, the Court finds that Stier has failed to sufficiently allege the violation of a constitutional right. Although Stier does claim that her daughter was removed from her home, she presents no evidence to suggest that she has no contact with her daughter or is prohibited from participating in her daughter's life. Rather, her only complaint seems to be that the final divorce decree allows her ex-husband to spend time with their daughter, unsupervised. The fact that Stier does not presently have full custody of her daughter is not grounds for a constitutional violation, especially when the other party seeking custody or visitation is the other biological parent. By Stier's argument, any divorce arrangement in which a court ordered the parents to share custody of their child could be subject to constitutional challenge because sharing custody deprives a parent of his or her liberty interest in personal contact with the child. Thus, Stier may not avoid the domestic relations exception and the *Rooker-Fledman* doctrine by casting the case in the form of a constitutional claim. Consequently, the Court determines that Stier has not sufficiently alleged a violation of her right to family integrity.

Even if Stier had sufficiently alleged a violation of her right to family integrity, her § 1983 claim would still fail under the second prong. Stier does not make any allegation which suggests that any of the named defendants, aside from Judge Smith, committed any acts which resulted in the interference of her mother-daughter relationship, and thus Stier fails to present sufficient facts

8

demonstrating that the alleged violation was committed by a person acting under the color of state law. Dkt. No. 1, Attachment 6 at 7. Without an action taken under color of law, there can be no claim under § 1983. *West*, 487 U.S. at 48.

Stier's § 1983 claim against Judge Smith must be dismissed under the judicial immunity doctrine. It is well-settled law that judges enjoy absolute immunity from liability for damages for judicial acts performed within their jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Furthermore, the text of 42 U.S.C. § 1983 specifically excludes from liability actions taken by judges in their judicial capacity. The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive."). Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11–12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12).

In the instant case, Stier does not complain that any actions taken by Judge Smith were nonjudicial in nature nor does she show that Judge Smith was acting in the clear absence of all jurisdiction. Indeed, Stier's description of Judge Smith's actions suggests just the opposite. *See* Dkt. No. 1, Attachment 6 at 6–7. For example, Stier does not contend that Judge Smith was not acting

in her judicial capacity; instead, Stier alleges that Judge Smith (1) signed a voidable final divorce decree and (2) conducted the hearing on May 1, 2013, in which she followed improper procedure and allowed improper testimony. *Id.* Yet the possibility that Judge Smith may have conducted the May 1, 2013, hearing improperly does not suggest that she was not acting in her judicial capacity. Rather, it appears that Stier's complaint derives precisely from actions Judge Smith took while conducting the hearing. As such, Judge Smith is entitled to and protected by absolute immunity.

E.     **KHS's § 1983 Claims**

With regard to Stier's claim brought on behalf of KHS, alleging that KHS is being deprived of liberty without due process and deprived of her right to bodily integrity, the Court is also unpersuaded that Stier has stated a violation of a constitutionally-protected right. The Fifth Circuit has held that "[t]he right to be free of *state-occasioned* damage to a person's bodily integrity is protected by the [F]ourteenth [A]mendment's guarantee of due process." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004) (citing *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 450–51 (5th Cir. 1994)) (emphasis added). Indeed, issues of a child's constitutional right to bodily integrity have most often been raised in the context of violations by public school employees. *See, e.g.*, *Priester*, 354 F.3d at 421; *Doe v. Rains Cnty. Ind. Sch. Dist.*, 66 F.3d 1402, 1406–07 (5th Cir. 1995); *Doe*, 15 F.3d at 450–52; *Jefferson v. Ysleta Ind. Sch. Dist.*, 817 F.2d 303, 305 (5th Cir. 1987).

The instant suit, however, is easily distinguished from this line of Fifth Circuit cases. Whereas the above-mentioned cases all involve misconduct by public employees, the instant suit does not. Nowhere in Stier's amended complaint does she allege that any public official or employee violated her daughter's right to bodily integrity. In fact, Stier does not even allege that such abuse has occurred, but rather she seems be asserting that she believes her daughter is at risk of being

abused by Stier's ex-husband. because the final divorce decree authorizes KHS to be left unsupervised with him.[2]  Although does not take this issue lightly, Stier's amended complaint simply does not present allegations that amount to a violation of a protected constitutional right.  Therefore, Stier's claims pertaining to bodily integrity, brought on behalf of KHS, must be dismissed as frivolous.

**F.**     **Discussion of Stier's § 1983 Conspiracy Claims**

Finally, Stier charges that some of the named defendants have actually entered into a conspiracy under § 1983 to violate the civil rights of her and KHS because some of the defendants have communicated with other defendants regarding Stier's efforts to stop the alleged unlawful activity.  Dkt. No. 1, Attachment 6 at 7.  However, "[t]o establish a civil conspiracy claim under § 1983, [the plaintiff] must present evidence that the defendants acted jointly and that some overt act that was done in furtherance of the conspiracy resulted in the deprivation of a constitutional right."  *Latiolais v. Cravins*, 464 Fed.Appx. 983, 988–89 (5th Cir. 2012) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).  Furthermore, although "[a] conspiracy may be charged under § 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act . . . a conspiracy claim is not actionable without an actual violation of § 1983."  *Hale*, 45 F.3d at 920 (internal quotations and citations omitted).

Here, Stier has failed to provide sufficient facts to allege a conspiracy claim under § 1983.  While she states that some of the defendants have communicated with other defendants about her

---

[2] The only claims presented by Stier in relation to her ex-husband's interaction with KHS involve a claim by KHS that the ex-husband was in the her bedroom unsupervised on an unspecified Friday and Saturday night.  Dkt. No. 1, Attachment 6 at 6.  However, this allegation was heard in state court and already considered by Judge Smith.  *Id.*  Pursuant to the *Rooker-Feldman* doctrine, this Court may not review Judge Smith's determination.

actions, she presents no evidence suggesting that an overt act was committed in furtherance of a conspiracy.  Mere communication between defendants is not sufficient to show that an act was committed.  Moreover, as the Court has determined that no violation of § 1983 occurred, Stier's conspiracy claims under § 1983 must also be dismissed.

In summary, because the federal courts may not involve themselves in domestic relations disputes, and because Stier's case seeks to have the federal courts review the state court's actions in a child custody dispute, this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(ii) for failure to state a claim on which relief may be granted.  Nothing in this recommendation should be taken by Stier as an indication that the Court is not taking her concerns for her daughter's safety lightly.  Rather, the Court is determining that the proper forum for Stier to raise those concerns is before the courts of Texas and the relevant child welfare agencies of Texas.

## III.  ORDERS AND RECOMMENDATIONS

In accordance with the preceding discussion, the Court **HEREBY GRANTS** Stier *in forma pauperis* status (Dkt. No. 1).  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The undersigned **FURTHER RECOMMENDS** that the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

12

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of July, 2013.


_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE